IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EUSTAQUIO N. UY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION as Trustee Under the Pooling and Servicing Agreement dated as of December 1, 2005, FREEMONT HOME LOAN TRUST 2005-E; OCWEN LOAN SERVICING, LLC, as the Mortgage Servicer and all persons claiming any legal or equitable right, title, estate, lien, or interest in the subject property described in the Complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto; VIP NAILS & SPA, LLC, a Hawaii Limited Liability Company, and DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL ENTITIES 1-100,<br><br>　　　　Defendants. | CIVIL NO. 14-00261 HG-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR: (1) PAYMENT OF COSTS OF PREVIOUSLY DISMISSED ACTION; (2) STAY PENDING PAYMENT; AND (3) DISMISSAL ABSENT PAYMENT |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANTS' MOTION FOR: (1) PAYMENT OF
COSTS OF PREVIOUSLY DISMISSED ACTION; (2) STAY PENDING
PAYMENT; AND (3) DISMISSAL ABSENT PAYMENT

Before the Court is Defendants HSBC Bank USA, National Association as Trustee for Freemont Home Loan Trust 2005-E, Mortgage-Backed Certificates, Series 2005-E and Ocwen Loan Servicing, LLC's (collectively "Defendants") Motion for: (1) Payment of Costs of Previously Dismissed Action; (2) Stay Pending Payment; and (3) Dismissal Absent Payment, filed July 17, 2014. On October 2, 2014, Plaintiff Eustaquio Uy ("Plaintiff") filed an Opposition. Defendants filed a Supplemental Reply on October 9, 2014.[1]

This matter came on for hearing on October 30, 2014. Robin Horner, Esq., appeared on behalf of Plaintiff; J. Blaine Rogers, Esq., appeared on behalf

---

[1] Initially, Plaintiff failed to respond to the Motion. Two days before the hearing, Plaintiff filed a motion to continue hearing. Doc. No. 18. Although the Court deemed non-compelling Plaintiff's counsel's excuses for failing to timely respond, the Court continued the hearing in an abundance of caution and to develop a clear record for the district court. Doc. No. 19.

of Defendants, and Charles Price, Esq., appeared on behalf of Defendant VIP Nails & Spa, LLC. After careful consideration of the parties' submissions, the applicable law, and the arguments of counsel, the Court HEREBY RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

BACKGROUND

On May 16, 2012, Plaintiff, along with a number of other individuals, filed an action in this Court. Castillo, et al. v. Mortgage Electronic Systems, Inc., et al., Civil No. 12-00261 DAE-KSC (now known as Civil No. 12-00261 LEK-KSC) ("Uy I"). The complaint asserted the following claims: 1) conversion; 2) conspiracy to commit conversion; 3) intentional misrepresentation; 4) fraudulent concealment; 5) promissory estoppel; 6) negligent misrepresentation; 7) breach of the covenant of good faith and fair dealing; and 8) unjust enrichment. Peter Nisson prepared the complaint and filed it. Mr. Horner was local counsel, and made a limited appearance, because a pro hac vice application

was not submitted for Mr. Nisson. <u>Uy I</u> was dismissed pursuant to the plaintiffs' notice of dismissal. Civil No. 12-00261 LEK-KSC, Doc. No. 7.

On November 15, 2013, Plaintiff, along with Carmelita Chun Uy, filed another action in this Court. <u>Uy, et al. v. Fremont Investment and Loan, et al.</u>, Civil No. 13-00625 DKW-RLP ("<u>Uy II</u>"). In <u>Uy II</u>, the plaintiffs alleged: 1) unfair trade practices in violation of 15 U.S.C. § 45; 2) violation of 15 U.S.C. § 1601; 3) violation of Hawaii Revised Statutes ("HRS") Chapter 480; 4) violation of Fair Debt Collection Practices Act; 5) violation of RESPA; 6) violation of Fair Credit Reporting Act; 7) fraud; 8) wrongful intended foreclosure/lack of standing; 9) intentional infliction of emotional distress; 10) slander of title; 11) civil RICO violation; 12) bad faith/breach of implied covenant of good faith and fair dealing; 13) declaratory judgment; and 14) injunctive relief.

On January 20, 2014, the plaintiffs filed a notice of dismissal. Civil No. 13-00625 DKW-RLP, Doc.

No. 8.

In the present action, commenced on June 4, 2014, Plaintiff asserts the following claims:  1) unfair trade practices in violation of 15 U.S.C. § 45; 2) violation of HRS Chapter 480 unfair and deceptive acts or practices; 3) violation of RESPA; 4) wrongful foreclosure/lack of standing; 5) intentional infliction of emotional distress; 6) slander of title; 7) breach of implied covenant of good faith and fair dealing; and 8) declaratory judgment/injunctive relief.

## DISCUSSION

Defendants move for the fees incurred in Uy II, arguing that Rule 41(d) of the Federal Rules of Civil Procedure ("FRCP") authorizes an award of fees. Plaintiff counters that this litigation is not vexatious because the previous actions were brought by different counsel, and that this action is distinguishable from the previous actions.  Plaintiff also contends that Defendants should not recover costs for Uy II because they were not served.

> FRCP 41(d) provides:
>
> (d) Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). For FRCP 41(d) to apply, the parties must be the same in both actions and the claims in the new action must be the same or based upon the same claims in the first action. Id. FRCP 41(d) includes both expenses and attorneys' fees that were reasonably incurred in the prior case and will not contribute to the defense of this case. Aloha Airlines, Inc. v. Mesa Air Group, Inc., No. 07-00007 DAE-KSC, 2007 WL 2320672, at *4 (D. Haw. Aug. 10, 2007); Esquivel v. Arau, 913 F. Supp. 1382, 1392 (C.D. Cal. 1996).

The Court finds that FRCP 41(d) applies here because 1) Plaintiff dismissed his previous action, Uy II; 2) both Plaintiff and Defendant HSBC Bank USA were parties in the previous action; and 3) Plaintiff has reasserted 8 of the 14 claims from that action. Plaintiff's attempts to distinguish this action from the previous action are belied by a review of the Complaint. Not only are the claims identical, much of the verbiage is identical. That Plaintiff may have added additional allegations does not change the claims or nature of the case.

Notwithstanding the involvement of different counsel in Uy II, it is undisputed that Plaintiff is asserting many of the same claims against Defendants as he asserted in Uy II.[2] In any event, FRCP 41(d) does

---

[2] Mr. Horner disclaimed involvement with Uy I, characterizing it as an action filed by a mainland attorney. However, the docket for Uy I establishes that Mr. Horner was counsel of record, even if only for a limited purpose. Indeed, he signed the notice of dismissal, and the attached caption page of the complaint contained his information, not that of Mr. Sisson.

not require the same counsel to have initiated the previously dismissed action for costs to be awarded.

Neither is the Court swayed by Plaintiff's insistence that the actions are not vexatious. Vexatiousness is not the standard applied by the Court with respect to FRCP 41(d). Finally, the Court rejects Plaintiff's argument that Defendants should not recover fees and costs because they were not served in Uy II. Whether or not Defendants were served has no bearing on their entitlement to costs pursuant to FRCP 41(d). The fact remains that Plaintiff initiated an action against Defendants, Defendants appeared, and they incurred costs (including attorneys' fees) as a result of being named in Uy II. Accordingly, the Court finds that Defendants are entitled to some of the costs of the previous action.

As this Court has previously ruled in Aloha Airlines v. Mesa Air Group, Inc., the term "costs" includes attorneys' fees that were reasonably incurred and were not associated with work that will still be

useful to Defendants in the present litigation.  2007 WL 2320672, at *4.  The Court therefore assesses the reasonableness of the requested costs, including attorneys' fees.

Defendants request $4,301.98 in costs, which is comprised of $4,101.00 in attorneys' fees, $193.38 in general excise tax, and $4.00 in costs.  With respect to the fees, Defendants request the following hourly rates for counsel and a paralegal:  1) Kee Campbell - $185.00; 2) Blaine Rogers - $220.00; and 3) Kelly Guadagno (paralegal) - $125.00.

After carefully reviewing the timesheets submitted by Defendants, and considering the skill, experience, and reputation of counsel and paralegal, the Court finds that 1) Mr. Campbell is entitled to an hourly rate of $150.00 and he reasonably expended 3.46 hours; 2) Mr. Rogers is entitled to an hourly rate of $180.00 and he reasonably expended 1 hour; and 3) Ms. Guadagno is entitled to an hourly rate of $85.00 and she reasonably expended 1.64 hours.  This results in a

fee award of $838.40.  With tax, the award is $877.91. The Court finds that these fees were reasonably incurred and were not associated with work that will still be useful to Defendants in the present litigation.  Reductions were made for block billing, insufficient descriptions, and for the work that may yield continuing utility in this action.  For example, given that all of the claims in this action were asserted in the previous action, the work on the motion to dismiss in the previous action will still be useful in this action, and is therefore non-compensable.

The Court also finds that Defendants reasonably incurred $4.00 in expenses.

Based on the foregoing, the Court recommends that Defendants be awarded **$881.91** in costs pursuant to FRCP 41(d), and that Plaintiff be directed to remit payment no later than two weeks after the district judge takes action on this findings and recommendation.

The Court declines to stay the matter because doing so might disrupt the timely and orderly

disposition of this Motion. At this time, the Court also recommends denial without prejudice of Defendants' request to dismiss this action if payment is not timely made. If Plaintiff fails to timely pay Defendants, Defendants may renew their request to stay, and/or may request that the district court dismiss the action, as this Court is without the authority to do so.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Defendants' Motion be GRANTED IN PART AND DENIED IN PART. The Court recommends that Defendants be awarded **$881.91** in costs pursuant to FRCP 41(d), and that Plaintiff be directed to remit payment no later than two weeks after the district judge takes action on this findings and recommendation.

The Court declines to stay the matter at this time and recommends that Defendants' request to dismiss this action be DENIED WITHOUT PREJUDICE, subject to renewal before the district judge if Plaintiff fails to

timely remit payment.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 3, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civil No. 14-00261 HG-KSC; Uy v. HSBC Bank USA, National Association, et al.; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR: (1) PAYMENT OF COSTS OF PREVIOUSLY DISMISSED ACTION; (2) STAY PENDING PAYMENT; AND (3) DISMISSAL ABSENT PAYMENT