IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

EUSTAQUIO N. UY,                    )
                                    )
                Plaintiff,          )  CIV. NO. 14-00261 HG-KSC
                                    )
        vs.                         )
                                    )
HSBC BANK USA, NATIONAL             )
ASSOCIATION as Trustee Under        )
the Pooling and Servicing           )
Agreement dated as of December      )
1, 2005, FREEMONT HOME LOAN         )
TRUST 2005-E; OCWEN LOAN            )
SERVICING, LLC, as the Mortgage     )
Servicer and all persons            )
claiming any legal or equitable     )
right, title, estate, lien or       )
interest in the subject             )
property described in the           )
Complaint adverse to                )
Plaintiff's title, or any cloud     )
on Plaintiff's title thereto;       )
VIP NAILS & SPA, LLC, a Hawaii      )
Limited Liability Company, and      )
DOES 1-100; DOE CORPORATIONS 1-     )
100; DOE PARTNERSHIPS 1-100;        )
DOE ENTITIES 1-100; DOE             )
GOVERNMENTAL ENTITIES 1-100,        )
inclusive,                          )
                                    )
                Defendants.         )
                                    )
_____ )
                                    )
VIP NAILS & SPA, LLC,               )
                                    )
                Cross-Claimant,     )
                                    )
        vs.                         )
                                    )
HSBC BANK USA, NATIONAL             )
ASSOCIATION as Trustee Under        )
the Pooling and Servicing           )
Agreement dated as of December      )
1, 2005   Cross-Defendant.          )
_____ )

1

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH
PREJUDICE (ECF No. 29)
AND DENYING PLAINTIFF LEAVE TO AMEND**

This action arises from an October 28, 2005 mortgage loan transaction in which Plaintiff Eustaquio N. Uy borrowed $508,000 from Freemont Investment & Loan secured by a promissory note and mortgage for purchase of property located on Kihei Road in Maui, Hawaii. Freemont Investment & Loan later bundled and sold the mortgage loan to Freemont Home Loan Trust 2005-E through the securitization process. Defendant HSBC Bank was the trustee of the Freemont Home Loan Trust. Defendant Ocwen Loan Servicing was the mortgage loan servicer. After Plaintiff's default, HSBC Bank foreclosed on the property and Defendant VIP Nails & Spa, LLC bought it.

Plaintiff's eight count Complaint complains about the securitization process and the alleged defects in the assignment of his note and mortgage.

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim for which relief can be granted. Due to the statute of limitations expiration, defects in Plaintiff's claims, and because the claims have been brought in prior lawsuits alleging nearly identical causes of action based on nearly identical facts, the Court denies Plaintiff leave

to amend.

Defendants HSBC Bank USA and Ocwen Loan Serving LLC's Motion to Dismiss with Prejudice, joined by VIP Nails & Spa, LLC, (ECF No. 29) is **GRANTED.**

Plaintiff's request for leave to file an amended complaint is **DENIED.**

### PROCEDURAL HISTORY

On May 16, 2012, Plaintiff Eustaquio N. Uy, Carmelita Chun Uy and several others brought a class action lawsuit against HSBC Bank, Litton Loan Servicing, LP, and numerous other banks and entities involved in the mortgage loan industry asserting claims for conversion, conspiracy, intentional misrepresentation, fraud, promissory estoppel, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. <u>Castillo, et al., v. Mortgage Electronic Registration Systems, Inc., et al.</u>, Civ. No. 12-261 LEK-KSC ("<u>Uy I</u>").

On September 21, 2012, without service having been effectuated on any of the named defendants, all plaintiffs, including Plaintiff Eustaquio N. Uy, voluntarily dismissed the case. (<u>Uy I</u>, ECF No. 7.)

On November 15, 2013, Plaintiff Eustaquio N. Uy and Carmelita Chun Uy brought a class action complaint against HSBC Bank and Litton for alleged wrongful securitization, asserting,

3

among other things, that HSBC did not "hold a perfected and secured claim in the [P]roperty . . . ." <u>Uy v. Fremont Investment and Loan, et al.</u>, Civ. No. 13-625 DKW-RLP ("<u>Uy II</u>") (ECF No. 1, ¶ 58.)

On January 20, 2014, Plaintiff Eustaquio N. Uy and Carmelita Chun Uy voluntarily dismissed the case. (<u>Uy II</u>, ECF No. 8.)

On June 4, 2014, Plaintiff Eustaquio N. Uy filed the Complaint in this action again alleging claims similar to those brought in the two prior actions. (ECF No. 1.)  Carmelita Chun Uy is not Plaintiff in this action.

On June 30, 2014, Defendant VIP Nails & Spa, LLC ("VIP Nails") filed an Answer and Cross-claim against Defendant HSBC Bank USA, National Association as Trustee Under the Pooling and Servicing Agreement dated as of December 1, 2005. (ECF No. 9.)

On January 21, 2015, Defendants HSBC Bank USA, National Association, as Trustee for Freemont Home Loan Trust 2005-E, Mortgage-Backed Certificates, Series 2005-E ("HSBC")[1] and Ocwen Loan Servicing LLC ("Ocwen") filed a Motion to Dismiss Plaintiff's Complaint with prejudice.  (ECF No. 29.)

On January 23, 2015, Defendant VIP Nails filed a Substantive Joinder in Defendant HSBC and Ocwen's Motion to Dismiss.  (ECF

---

[1] HSBC submits that Plaintiff erroneously sued it as "HSBC Bank USA, National Association as Trustee Under the Pooling and Servicing Agreement dated as of December 1, 2005, Freemont Home Loan Trust 2005-E".

No. 30.)

On January 28, 2015, the Court granted Defendant's Substantive Joinder. (ECF No. 32.)

On March 12, 2015, Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss. (ECF No. 37.)

On March 25, 2015, Defendants' filed a Reply. (ECF No. 38.)

On April 9, 2015, this matter came on for hearing.

## BACKGROUND

On or about October 28, 2005, Plaintiff Eustaquio N. Uy ("Plaintiff") entered into a mortgage loan transaction with Freemont Investment & Loan for real property located in Kihei, Hawaii. (Compl. ¶¶ 3, 4, Exh. 1, ECF No. 1.) Carmelita Chun Uy's name is not on the mortgage. According to Plaintiff, Freemont bundled and sold Plaintiff's mortgage loan to the Freemont Home Loan Trust 2005-E through a process known as securtization. (Compl. ¶ 5, ECF No. 1.) Securitization occurs when an original lender bundles the beneficial interest in individual loans and sells the bundles to investors as mortgage-backed securities. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1039 (9th Cir. 2011); Almaden v. Peninsula Mortgage, Inc., CIV. 12-00390 HG-BMK, 2012 WL 6738512, at *4 (D.Haw. Dec. 31, 2012). Securitized trusts raise funds from investors, acquire a large number of mortgage obligations, collect payment on the mortgages, and allocate cash flow to

5

investors. <u>See</u> <u>In re Wright</u>, 2012 WL 27500; <u>In re New Century TRS</u> <u>Holdings, Inc.</u>, 407 B.R. 576, 580 (D.Del. 2009).

Defendant HSBC Bank USA, National Association, as Trustee for Freemont Home Loan Trust 2005-E, Mortgage-Backed Certificates, Series 2005-E ("HSBC") was the trustee of the Freemont Home Loan Trust. (Compl. ¶ 6, ECF No. 1.) Plaintiff fell behind on his mortgage payments. Plaintiff does not allege that he was not in default. On or about May 13, 2010, HSBC foreclosed on the property by means of a non-judicial foreclosure. (Compl. ¶ 7, ECF No. 1) Defendant VIP Nails & Spa, LLC ("VIP Nails") purchased the property from HSBC. (Compl. ¶ 8.)

Plaintiff complains about his original mortgagor, Freemont Investment & Loan's alleged conversion, sale, and transfer of his note and mortgage on the property "into a mortgage backed security for profit". (Compl. ¶ 9.) Plaintiff questions the validity of the documents used to obtain foreclosure and alleges that HSBC Bank was not the true owner of the loan and holder of the note. (Compl. ¶ 9.) Plaintiff challenges the "chain of ownership" for the mortgage and note and takes issue with the securitization process. (Compl. ¶ 9 ("the note does not contain a complete chain of endorsements establishing an unbroken chain of title from the depositor to the issuer to the trustee of the mortgage backed security, and that the note and mortgage sold to

an unidentified investor who further securitized and sold the
loan to other investor . . . ); Compl. ¶¶ 23, 24.)  Plaintiff
also alleges that the foreclosure sale was void because the
mortgage and note were purportedly sold and transferred by an
entity acting for Freemont Investment & Loan after Freemont
Investment & Loan was dissolved and to a trustee (HSBA Bank)
after the Freemont Home Loan Trust had been terminated.  (Compl.
¶ 9.)

     In sum, Plaintiff's prior lawsuits, and Plaintiff's
Complaint here, are based on the allegedly invalid assignment of
his note and mortgage.  (Compl. ¶ 20 "The validity of any and all
such purported sales and transfers of the underlying UY note and
mortgage for the Property is a fundamental issue in this
complaint"); Compl. ¶ 27.)

     Plaintiff's allegations pertain to the process by which note
and mortgage were assigned and later foreclosed upon.  The
Freemont Home Loan Trust was formed on December 1, 2005 and
terminated on January 27, 2006.  (Compl. ¶¶ 23, 24.)  HSBC Bank
was named as trustee for the trust. (Compl. ¶ 24.)  The property
was sold to the trust based on a pooling and servicing agreement.
(Compl. ¶ 23.)   Plaintiff alleges that the mortgage was assigned
to the trust after the trust had been terminated. (Compl. ¶ 25.)
Plaintiff also alleges that the property was not properly
assigned and transferred according to the terms of the Pooling

and Service Agreement.  Plaintiff acknowledges that the mortgage provided that the loan could be sold and transferred without prior notice to him.  (Compl. ¶ 20, Exh. 1.)

Plaintiff summarizes the alleged deficiencies in the securitization process and in the transfer of the note and mortgage in paragraph 39 of his Complaint.  Plaintiff alleges that: (1) the note was improperly separated from the mortgage; (2) there was no complete and unbroken chain of endorsements of the note to intervening purchasers; (3) there was no complete and unbroken chain of assignments of the mortgage to intervening purchasers; and (4) the mortgage was not properly endorsed, assigned and transferred to HSBC Bank.  (Compl. ¶ 39.)

**Plaintiff's Causes of Action**

Plaintiff brings the following causes of action:

(1) Unfair trade practices involving non-compliance with 15 U.S.C. § 45;

(2) Unfair and deceptive acts or practices in violation of Haw. Rev. Stat. Chapter 480;

(3) Violation of Real Estate Settlement Procedures Act and Truth in Lending;

(4) Wrongful Foreclosure Based on Lack of Legal Standing;

(5) Intentional Infliction of Emotional Distress;

(6) Slander of Title;

(7) Breach of Implied Covenant of Good Faith and Fair

Dealing; and

(8) Declaratory and Injunctive Relief.

**Plaintiff's Prior Lawsuits**

    1.   **Uy I**

On May 16, 2012, Plaintiff Eustaquio N. Uy, Carmelita Chun Uy and several others brought a class action lawsuit against HSBC Bank, Litton Loan Servicing, LP ("Litton"), and numerous other banks and entities involved in the mortgage loan industry asserting claims for conversion, conspiracy, intentional misrepresentation, fraud, promissory estoppel, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Castillo, et al., v. Mortgage Electronic Registration Systems, Inc., et al., Civ. No. 12-261 LEK-KSC ("Uy I"). The Uy I complaint accused HSBC Bank and the other defendants of engaging through securitization in an "institutional, worldwide scheme to steal, rob and convert the personal property, money and proceeds of such assets of each Plaintiff[.]" (Uy I, ECF No. 1, ¶ 55.) On September 21, 2012, without service having been effectuated on any of the named defendants, all plaintiffs, including Plaintiff Uy, voluntarily dismissed the case. (Uy I, ECF No. 7.)

    2.   **Uy II**

On November 15, 2013, Plaintiff Uy and Carmelita Chun Uy again brought a class action complaint against HSBC Bank and

Litton for alleged wrongful securitization, asserting, among other things, that HSBC did not "hold a perfected and secured claim in the [P]roperty . . . ." <u>Uy v. Fremont Investment and Loan, et al.</u>, Civ. No. 13-625 DKW-RLP ("<u>Uy II</u>") (ECF No. 1, ¶ 58.) <u>Uy II</u> involved the same mortgage loan and property. Plaintiff Uy and his wife brought fourteen causes of action, including, among others, claims for unfair trade practices in violation of 15 U.S.C. § 45, unfair and deceptive acts or practices in violation of HRS Chapter 480, violation of the Real Estate Investment Procedures Act, wrongful foreclosure, intentional infliction of emotional distress, slander of title, breach of the implied covenant of good faith and fair dealing, and declaratory relief. (<u>Uy II</u>, ECF No. 1.) On January 20, 2014, Plaintiff Uy and Carmelita Chun Uy voluntarily dismissed the case. (<u>Uy II</u>, ECF No. 8.)

**3.    Order Awarding Defendants HSBC Bank and Ocwen Costs**

On June 4, 2014, Plaintiff Eustaquio N. Uy filed the Complaint in this case. (ECF No. 1.)  On July 17, 2014, HSBC and Ocwen Defendants moved for an order directing Plaintiff to pay the costs of <u>Uy II</u>. (ECF No. 12.) Following a hearing, the Magistrate Judge recommended that this Court grant and deny the motion in part and award HSBC Bank and Ocwen Defendants $881.91 in costs from <u>Uy II</u>. (ECF No. 27, the "F&R".) On November 18, 2014, with no objection having been filed, the Court adopted the

F&R. (ECF No. 28.) Plaintiff subsequently remitted payment to HSBC and Ocwen Defendants.

In applying Fed. R. Civ. P. 41(d)[2] and awarding Defendants' costs, the Court noted that many of the claims, and much of the verbiage, in the present case are identical to those brought in Uy II.


## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal where a complaint fails "to state a claim upon which relief can be granted". Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008). When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

---

[2] Fed. R. Civ. P. 41(d) provides:

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and

(2) may stay the proceedings until the plaintiff has complied.

11

dismiss. Id. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)(documents attached to the complaint and matters of public record may be considered on a motion to dismiss).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. Rule 8(a)(2). In Bell Atlantic Corporation v. Twombly the Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In Ashcroft v. Iqbal the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned,the-defendant-unlawfully-harmed-me-accusation." Id. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). A complaint survives a motion to dismiss when it

contains sufficient factual matter, accepted as true, to state a
claim for relief that is plausible on its face. Id. (quoting
Twombly, 550 U.S. at 570, 127 S.Ct. 1955).

A claim is facially plausible when the factual content of
the complaint allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged. Iqbal,
556 U.S. at 678, 129 S.Ct. 1937. The plausibility standard does
not require probability, but it requires "more than a sheer
possibility that a defendant has acted unlawfully." Id. (quoting
Twombly, 550 U.S. at 556, 127 S.Ct. 1955). A complaint that
pleads facts that are "merely consistent with" a defendant's
liability "stops short of the line between possibility and
plausibility of 'entitlement to relief.'" Id. (quoting Twombly,
550 U.S. at 557, 127 S.Ct. 1955).

## ANALYSIS

Both the underlying theory upon which Plaintiff Eustaquio N.
Uy seeks relief and his individual claims fail as a matter of
law.   Plaintiff challenges the foreclosure of his property on
the grounds that the Defendants' improperly securitized his loan.
(See Compl. ¶¶ 23, 35.)   As the majority of courts have held,
grievances regarding the securitzation process cannot be the
basis for a cause of action. In re Nordeen, 495 B.R. 468, 479
(9th Cir. BAP 2013) (rejecting "the idea that securitization

inherently changes the [] existing legal relationship between the parties to the extent that the original parties cease to occupy the roles they did at the closing," because "the securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust.") (citing Joyner v. Bank of Am. Home Loans, 2010 WL 2953969, at *1, *5, *9 (D. Nev. July 26, 2010) (footnote omitted)); Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 898 (D. Haw. 2011) ("The Court also rejects Plaintiffs' contention that securitization in general somehow gives rise to a cause of action—Plaintiffs point to no law or provision in the mortgage preventing this practice, and cite to no law indicating that securitization can be the basis of a cause of action. Indeed, courts have uniformly rejected the argument that securitization of a mortgage loan provides the mortgagor a cause of action.")

Essentially conceding this, Plaintiff's Opposition attempts to distinguish his claims from those based on the securitization process. (Opp. at p. 4, ECF No. 37.) In doing so, Plaintiff points to his allegations that the transfer and assignment of the note and mortgage were improper. In particular, Plaintiff argues that the Freemont Home Loan Trust did not have an enforceable interest because it was terminated as of January 27, 2006 and the transfer of Freemont Investment & Loan's interest in the note and mortgage did not occur prior to that date. (Opp. at p. 4, ECF No.

37.)  The Court has rejected claims based on an allegedly invalid assignment to a closed trust.  Such claims, as Plaintiff's claims here, are based on alleged violation of the terms of the pooling and servicing agreement.  Plaintiff does not have standing to challenge the validity of the assignment on these grounds.  <u>Abubo v. Bank of New York Mellon</u>, Civ. No. 11-00312 JMS-BMK, 2011 WL 6011787, at *8 (D. Haw. Nov. 30, 2011) (observing that the argument that assignments to a closed trust are invalid "has been rejected in recent decisions by many courts—which this court finds persuasive—either (1) because a third party lacks standing to raise a violation of a [pooling and servicing agreement], or (2) because noncompliance with terms of a [pooling and servicing agreement] is irrelevant to the validity of the assignment (or both).").

Indeed, it is well established that a plaintiff borrower does not have standing to challenge the validity of assignments to securitization trusts.  <u>See</u>, <u>e.g.</u>, <u>Brodie v. Nw. Trustee Servs., Inc.</u>, 579 F. App'x 592, 593 (9th Cir. 2014) ("The district court also correctly concluded that [plaintiff/mortgagor] lacks standing to challenge the transfer and assignment of the note and deed of trust. She is neither a party to nor a beneficiary of the assignment and transfer."); <u>Rajamin v. Deutsche Bank Nat'l Trust Co.</u>, 757 F.3d 79 (2d Cir. 2014) (district court "properly ruled that plaintiffs lacked

15

standing to enforce the agreements to which they were not parties and of which they were not intended beneficiaries.")  This is because "borrowers do not have standing to challenge the validity of an assignment of its loans because they are not parties to the agreement[.]" U.S. Bank, N.A. v. Salvacion, 338 P.3d 1185, 1190 (Haw. App. 2014) (recognizing that "[r]ecent decisions by State and Federal courts in Hawai`i have 'rejected identical arguments … contesting the validity of assignments to securitization trusts.").

Recently, in Hunt v. U.S. Bank, N.A., 2015 WL 738067 (9th Cir. Feb. 23, 2015) (unpublished), the Ninth Circuit Court of Appeals rejected an argument similar to that made by Plaintiff here.  In Hunt, the borrowers challenged the bank's authority to foreclose based on alleged defects in the securitization process and the validity of the assignments.  In upholding the district court's dismissal of Plaintiff's claims, the Court noted that the plaintiffs, similar to the Plaintiff here, had executed a note and deed of trust allowing for the lender to transfer the note without notice and did not dispute that they defaulted on their loan.  Hunt, 539 Fed.Appx. at 732.  The Court reasoned: "Even if the improper securitization occurred or the assignments were fraudulent, the Hunts are not a party to those transactions and are not the victims." Id.

Along these lines, a foreclosing mortgagee is not obligated

to show that it possesses or owns the original note or mortgage or an endorsed promissory note. See, e.g., Bank of New York Mellon Trust Co., N.A. v. Timosan, 2014 WL 37886, at *4 (Haw. App. 2014) (holding that "Hawai`i's former non-judicial foreclosure act does not require a mortgagee to affirmatively prove that it holds the note."); see also Fed. Home Loan Mortg. Corp. v. Kama, 2014 WL 4980967, at *7 (D. Haw. Oct. 3, 2014) ("This district court has consistently rejected claims that a mortgagee is required to prove that it possesses or owns the original Note or Mortgage in order to lawfully foreclose under H.R.S. § 667-5" (collecting cases)).  Plaintiff cannot assert a claim challenging the validity of HSBC Bank's foreclosure on this ground.  Nor was a foreclosing mortgagee, under the Hawaii Non-Judicial Foreclosure Statute, Haw. Rev. Stat. § 667-5, in effect at the time of the foreclosures, obligated to record intermediary or interim assignments that occurred via securitization.  Lizza v. Deutsche Bank Nat'l Trust Co., 1 F. Supp. 3d 1106, 1119 (D. Haw. 2014) ("Neither Defendant's failure to record intermediary assignments, nor its omission of any interim assignments in the recorded assignment, violates any Hawaii statute or otherwise provides Plaintiffs with a cause of action.").

For these reasons, the legal theory which underlies all of the claims in Plaintiff's Complaint is flawed.

Plaintiff has also failed to state claims in Counts 1 through 8 as a matter of law.

**Count 1: Unfair trade practices involving non-compliance with 15 U.S.C. § 45 (Federal Trade Commission Act)**

Count I alleges unfair trade practices in violation of the Federal Trade Commission Act, 15 U.S.C. § 45. (Compl. ¶¶ 41-46, ECF No. 1.) Count 1 fails as a matter of law because there is no private right of action under the Federal Trade Commission Act. Arenas v. Countrywide Home Loans, Inc., 2009 WL 48231 at *3 (S.D. Cal. Jan 7, 2009) (citing Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973); U.S. ex. rel. Lapin v. International Business Machines Corp., 490 F. Supp. 244, 248 (D. Haw. 1980) ("Nor does the Federal Trade Commission Act make provision for a private right of action, either explicit or implicit; 'the Act vests initial remedial power solely in the Federal Trade Commission.'") (citations omitted).

**Count 2: Unfair and deceptive acts or practices in violation of Haw. Rev. Stat. Chapter 480**

In Count 2, Plaintiff makes general allegations that HSBC Bank and Ocwen violated the Unfair and Deceptive Trade Practices Act, HRS § 480-2 and -13 ("UDAP"). (Compl. ¶¶ 47–50, ECF No. 2.) Plaintiff's UDAP claim fails because it is inadequately pled and untimely.

A consumer bringing a UDAP claim must allege: (1) a
violation of HRS Chapter 480; (2) injury to plaintiff's business
or property resulting from such violation; and (3) proof of the
amount of damages. <u>Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n,
Inc.</u>, 113 Hawai'i 77, 148 P.3d 1179, 1215-16 (2006). An injury
must be "fairly traceable to the defendant's actions." <u>Flores v.
Rawlings Co., LLC</u>, 117 Hawai'i 153, 177 P.3d 341, 359 n. 23
(2008) (internal citation omitted).  Plaintiff does not allege
any of the elements of a UDAP claim.  Plaintiff's UDAP claim
fails for lack of specificity.

Plaintiff's UDAP claim is also untimely, UDAP claims are
subject to a four-year statute of limitations. HRS § 480-24(a).
The statute of limitations period starts to run upon the
occurrence of the alleged violation. <u>Dodds v. BAC Home Loans
Servicing, LP</u>, 2011 WL 1483971, at * 7 (D. Haw. Apr. 19, 2011).
Because Plaintiff's claim is inadequately pled, it is somewhat
difficult to decipher the date of the occurance of the alleged
violation.  Plaintiff entered into the mortgage loan transaction
on October 28, 2005.  The statute of limitations for any UDAP
claims based on the origination of the mortgage loan expired on
October 28, 2009. The non-judicial foreclosure was completed on
May 13, 2010 when the property was foreclosed. Any UDAP claim
based on the securitization of the loan or nonjudicial
foreclosure of the property expired at the latest on May 13,

2014.  Plaintiff did not file this Complaint until June 4, 2014.

Equitable tolling may be appropriate where there has been fraudulent concealment.  See Rundgren v. Bank of N.Y. Mellon, 777 F.Supp.2d 1224, 1231 (D. Haw. 2011) (construing "HRS Ch. 480 in accordance with federal cases interpreting similar federal antitrust laws such as 15 U.S.C. § 15h ,…[such that] the statute of limitations on a HRS Ch. 480 claim may be tolled under the equitable tolling doctrine of fraudulent concealment").  Plaintiff does not pled any facts which would establish fraudulent concealment of any of Defendants' alleged conduct in violation of UDAP.  Plaintiff suggests that Defendants' concealed the fact that they lacked proper standing to foreclose since the transfer of the note and mortgage was made to a terminated trust.  (Compl. ¶¶ 25-33, Opp. at p. 5.)  Plaintiff has no cause of action on this ground, and it is not a basis for equitable tolling.

### Count 3: Violation of Real Estate Settlement Procedures Act

Plaintiff's claim under the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2605, et seq. ("RESPA") is inadequate and untimely.[3]  Plaintiff alleges HSBC Bank and Ocwen violated

---

[3] The title of Plaintiff's third cause of action also refers to "Truth and Lending."  (Compl. at p. 18, ECF No. 1.)  The Truth in Lending Act, 15 U.S.C. § 1631, et seq. is not referenced anywhere else in Plaintiff's Complaint and there are no allegations pertaining to the violation of it.

RESPA by failing to disclose sales and transfers of the note and mortgage in writing and in a timely and reasonable manner. (Compl. ¶ 52, ECF No. 1.)  Plaintiff fails to cite any specific provision of RESPA that Defendants HSBC Bank and Ocwen allegedly violated.  Failure to do so is grounds for dismissal. See <u>Valencia v. American Home Mortg. Servicing, Inc.</u>, 2011 WL 2910109 at *5 (D. Haw. July 15, 2011) ("Plaintiff fails to cite any specific provision of RESPA that was violated by Defendants, which is grounds for dismissal of the claim, alone." (citations omitted)).

Plaintiff's RESPA claim is also untimely.  RESPA claims for violation of Section 2605 are subject to a three-year statute of limitations. The non-judicial foreclosure occurred on May 13, 2010.  There are no allegations that the Defendants failed to disclose sales and transfers of the note and mortgage after that date.  Plaintiff did not file his complaint until more than three years after the foreclosure.  Plaintiff's RESPA claim is time barred.

### Count 4: Wrongful Foreclosure Based on Lack of Legal Standing

In support of Plaintiff's fourth claim, he alleges that HSBC Bank lacked the requisite authority to enforce the note and mortgage as neither instrument was assigned in accordance with the pooling and servicing agreement.  (Compl. ¶¶ 59-66, ECF No.

1.) Plaintiff does not have standing to raise non-compliance with the terms of the pooling and servicing agreement and such facts cannot be the basis for a wrongful foreclosure claim. See supra at pp. 13-15.

Plaintiff has also otherwise failed to state a wrongful foreclosure claim. A plaintiff may bring a wrongful foreclosure claim where: (1) "the foreclosure process failed to comply with Haw. Rev. Stat. Chapter 667[;]" and (2) the foreclosing entity did not have the right to foreclose. Lowther v. U.S. Bank N.A., Civ. No. 13-00235 LEK-BMK, 2013 WL 4777129, at *20, 21 (D. Haw. Sept. 4, 2013) (quoting Niutupuivaha v. Wells Fargo Bank, N.A., Civ. No. 13-00172 LEK-KSC, 2013 WL 3819600, at *9 (D. Haw. July 22, 2013)). Plaintiff does not allege any violations of Hawaii Revised Statutes, Chapter 667.

Plaintiff has not put forth allegations to support a claim that the foreclosing entity, HSBC Bank, did not have the right to foreclose. Plaintiff alleges that the Defendants failed to properly record the assignment of mortgage. The failure to record an assignment of a mortgage does not invalidate an assignment. Swartz v. City Mortgage, Inc., 911 F. Supp. 2d 916, 939-40 (D. Haw. 2012). The failure to record an assignment of mortgage also does not create a private right of action against a foreclosing party who is the rightful note holder. Id. Alleged defects in the securitization process or the chain of custody of

the mortgage or note does not give rise to a wrongful foreclosure claim.  See Lizza, 1 F.Supp.3d at 1120.

Plaintiff has failed to allege a wrongful foreclosure claim.

**Count 5: Intentional Infliction of Emotional Distress**

Plaintiff alleges that the allegedly wrongful foreclosure and attempts to remove Plaintiff and his tenants from the property has caused him emotional distress. (Compl. ¶¶ 69, 70-71, ECF No. 1.)  Plaintiff's allegations arise from the 2010 foreclosure.  Plaintiff's intentional infliction of emotion distress claim is subject to a two-year statute of limitations. Haw. Rev. Stat. § 657-7.  Plaintiff does not allege the occurrence of any events that allegedly caused him emotional distress within the statue of limitations period.

Plaintiff has also failed to pled the required facts for an intentional infliction of emotional distress ("IIED") claim.  To state an IIED claim, the plaintiff must allege facts showing conduct that was either intentional or reckless and outrageous and that plaintiff suffered extreme emotional distress as a result of defendant's conduct.  Young v. Allstate Ins. Co., 119 Hawai`i 403, 198 P.3d 666, 688 (2008).  Defendants' allegedly unlawful conduct does not give rise to an IIED claim.  Uy v. Wells Fargo Bank, N.A., 2011 WL 1235590, at *14 (D. Haw. Mar. 28, 2011) ("Default and foreclosure proceedings generally do not rise to the level of extreme and outrageous conduct. Denying a loan

modification which might result in foreclosure is no more

'outrageous in character' than actually foreclosing.") (citations

omitted).

Plaintiff's IIED claim is time barred and inadequately pled.

**Count 6: Slander of Title**

Plaintiff alleges that HSBC Bank and Ocwen Defendants

"disparaged and slandered UY's exclusive valid title to the

Property by means of the preparation, posting and publishing of

documents which are wrong and misleading, which documents include

but are not limited to recorded documents pertaining to the

mortgage, assignment of mortgage, foreclosure documents, and

deeds purportedly transferring title to the subject Property."

(Compl. ¶ 75.)

To establish slander of title at common law, a plaintiff

must show falsity, malice, and special damages, _i.e._, that the

defendant maliciously published false statements that disparaged

a plaintiff's right in property, causing special damages. <u>Velasco</u>

<u>v. Sec. Nat'l Mortg. Co.</u>, 2011 WL 4899935, at *5 (D. Haw. Oct.

14, 2011) (quotations and citations omitted).

As set forth above, Plaintiff has failed to state a viable

claim against Defendants based on the securitization process,

defects in the chain of custody for the note and mortgage, or for

wrongful foreclosure. Plaintiff's slander of title claim is

based upon these same alleged facts and fails for the same

reasons.  Plaintiff does not otherwise allege that Defendants HSBC Bank, Ocwen, or VIP Nails published false statements or that they did so with malice.

Plaintiff has failed to state a Hawaii common law slander of title claim.

**Count 7: Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing is based primarily on Defendants HSBC Bank and Ocwen's alleged failure to disclose any transfers of the note and mortgage and the allegedly improper transfer and assignment of the note and mortgage. (Compl. ¶¶ 84, 86, 87, 88, 89, 91, 92, 95, 96.)  Plaintiff's cause of action based on these allegations fails as a matter of law because Hawaii law has not recognized a bad faith claim based on a mortgage loan contract.  <u>Cablay v. Bank of America, N.A.</u>, 2013 WL 1789770, *4 (D. Haw. April 26, 2013) ("the tort of bad faith has not been recognized in Hawaii based upon a mortgage loan contract").

Plaintiff also makes allegations pertaining to "the consent judgment entered into by OCWEN to properly service loans and to provide opportunities for loss mitigation and the agreement to stipulate to remand to consider loss mitigation." (Compl. ¶ 85.) Plaintiff's allegations in paragraph 85 of his Complaint

regarding the consent judgment entered into by Ocwen are vague. Plaintiff makes other allegations referencing the consent judgment that are similarly vague and do not state a cause of action. (Compl. ¶ 90 ("This includes not selling the Property to a Third-Party in contravention of the OCWEN consent judgment and its duties to allow loss mitigation including principal reductions.")); Compl. ¶ 97 ("This includes not attempting to sell or transfer title to the subject property to a party when it is known title and the right to foreclose is disputed and that there was a stipulation to remand a related case in order to consider loss mitigation.") Plaintiff does not state that he was a party to the consent judgment, adequately describe any of its terms, or in any way make clear how the consent judgment could be considered a contract, much less one for which Plaintiff could have a cause of action for breach of an implied covenant of good faith and fair dealing. Cablay, 2013 WL 1789770, at *4 (even assuming a bad faith tort exists outside the insurance context, it is well-settled that "[a] party cannot breach the covenant of good faith and fair dealing before a contract is formed.").

For these reasons, Plaintiff has not stated a claim for breach of an implied covenant of good faith and fair dealing based on the facts alleged.

**Count 8: Declaratory and Injunctive Relief**

Plaintiff's eighth cause of action is for declaratory and

26

injunction relief.  A claim for declaratory and injunctive relief is not a separate cause of action.  <u>White v. IndyMac Bank, FSB</u>, 2011 WL 1483928, at *8 (D. Haw. Apr. 18, 2011) (holding that injunctive relief claim was improper as it is well-settled that a claim for "injunctive relief" standing alone is not a cause of action).  Moreover, Plaintiff's cause of action for declaratory and injunctive relief is based on the same factual allegations that the Court has found fail to state a valid cause of action.

Plaintiff's cause of action for declaratory and injunctive relief is dismissed.

**<u>Denial of Leave to File Amended Complaint</u>**

Plaintiff requests leave to file an amended complaint. (ECF No. 37, Opp. at p. 10.)

Because Counts 2, 4, and 5 are time-barred the Court does not grant Plaintiff leave to amend as to his causes of action for violation of UDAP (Count 2), wrongful foreclosure based on lack of standing (Count 4), and intentional infliction of emotional distress (Count 5).

Plaintiff is not granted leave to amend as to Counts 1, 7, and 8 because no amendment could cure their deficiencies. Counts 1, 7, and 8 for violation of the Federal Trade Commission Act (Count 1), breach of implied covenant of good faith and fair dealing (Count 7), and for declaratory and injunctive relief (Count 8) are not actionable as a matter of law.

The Court also denies leave to amend as to Counts 4 (wrongful foreclosure based on lack of standing) and 6 (slander of title). Plaintiff has failed to allege facts which would support these causes of action.

Moreover, denial of leave to amend is appropriate where there is (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility. <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001). "[P]rejudice to the opposing party . . . carries the greatest weight." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003). This is Plaintiff's third lawsuit containing allegations based on a securitization theory and based on the alleged invalidity of the assignments of a note and mortgage. The Court awarded Defendants' costs as to Plaintiff's second lawsuit, <u>Uy II</u>. Plaintiff has had ample opportunity to attempt to state a claim for relief regarding his mortgage loan transaction. Granting Plaintiff leave to amend would be futile and would prejudice the Defendants.

## CONCLUSION

Defendants HSBC Bank USA and Ocwen Loan Serving LLC's Motion to Dismiss with Prejudice, joined by VIP Nails & Spa LLC, (ECF No. 29) is **GRANTED**.

Plaintiff's request for leave to file an amended complaint is **DENIED**.

Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is ordered to close this case.

IT IS SO ORDERED.

Dated: April 29, 2015, Honolulu, Hawaii.



   /s/ Helen Gillmor
_____

Helen Gillmor
United States District Judge

_____
Uy v. HSBC Bank USA, et al. Civ. No. 14-00261; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH PREJUDICE (ECF No. 29) AND DENYING PLAINTIFF LEAVE TO AMEND**